ORIGINAL

FILED

MAR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | Criminal Number: |
| --- | --- | --- |
| | : | |
| v. | : | VIOLATION: 07-79 |
| | : | |
| | : | Count One: |
| JAMES STEVEN GRILES, | : | 18 U.S.C. § 1505 |
| | : | (Obstruction of Proceedings |
| Defendant. | : | Before the United States Senate) |

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, JAMES STEVEN GRILES, agree as follows:

1. The defendant is competent to enter into this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily, and truthfully admits the facts contained in the Factual Basis for Plea (Attachment A), which is incorporated by reference herein.

3. The defendant agrees to waive Indictment by grand jury and plead guilty to the Information filed in this case charging him with one count of Obstruction of Proceedings Before the United States Senate in violation of Title 18, United States Code, Section 1505. The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense if the Court accepts his guilty plea.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for a violation of 18 U.S.C. § 1505 (Obstruction of Proceedings Before the United States Senate) is five years of imprisonment, a $250,000 fine, and a mandatory special assessment of $100. The

defendant further understands that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is not more than three years. If the Court imposes a term of supervised release and the defendant violates the terms of his release, then the defendant may be sentenced to not more than an additional two years of incarceration. Additionally, the defendant understands that the Court may impose restitution as well as costs of incarceration, supervision, and prosecution.

5. If the Court accepts the defendant's plea of guilty, and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the Factual Basis for Plea. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

6. The defendant understands and agrees that Federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in effect at the time of the sentencing in determining a reasonable sentence. Defendant also understands that sentencing is within the discretion of the Court and that the Court is not bound by this agreement. Defendant understands that the facts that determine the Total Offense Level will be found by the Court at sentencing and that, in making those determinations, the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this agreement. Both parties agree to recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker, 543 U.S. 220 (2004), and its progeny. Defendant further understands the obligation of the United States to provide to the United States Probation Office

all relevant information regarding the defendant, including charged and uncharged criminal offenses.

7. Except to the extent it would be inconsistent with other provisions of this agreement, the United States and the defendant reserve, at the time of sentencing, the right of allocution; that is, the right to describe to the Court fully, both orally and in writing, the nature, seriousness, and impact of the defendant's conduct related to the charges against him or to any factor lawfully pertinent to the sentence in this case. The United States will also advise the Court of the nature, extent, and timing of the defendant's acceptance of responsibility.

8. The defendant and the United States agree that the following Sentencing Guidelines factors, computation, and analysis applies to this case:

    a.    The offense of Obstruction of Proceedings Before the United States Senate, 18 U.S.C. § 1505, is governed by U.S.S.G. § 2J1.2 of the Sentencing Guidelines Manual (November 2005 Edition).

    b.    The defendant's sentence shall be determined as follows:

        i.    Base Offense Level, U.S.S.G. § 2J1.2(a) .................. 14

        ii.    Expected Adjustment: Acceptance of Responsibility, U.S.S.G. § 3E1.1(a) ................................. -2

        iii.    Total Offense Level ................................. 12

Assuming a Criminal History Category I, the Sentencing Guideline range for a Total Offense Level 12 is ............................. 10 to 16 months (Zone C)

   c. As indicated in the preceding paragraph, the United States agrees that it will recommend that the Court reduce by two levels the Sentencing Guideline applicable to the defendant's offense pursuant to U.S.S.G. § 3E1.1(a) ("Acceptance of Responsibility"), based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States and the defendant further agree that (1) the United States will recommend a non-binding "split sentence" of 10 months imprisonment consistent with U.S.S.G. § 5C1.1(d)(2), and (2) the United States will not ask that the defendant be detained pending sentencing. However, the United States will not be required to make this or any other recommendation specified herein if the defendant: (1) fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time; (2) challenges the factual basis for the guilty plea at any time after the plea is entered; (3) denies involvement in the offense; (4) gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office; (5) fails to give complete and accurate information about the defendant's financial status to the Probation Office; (6) obstructs or attempts to obstruct justice, prior to sentencing; (7) has engaged in conduct prior to signing this plea agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this plea agreement; (8) fails to appear in court as required; (9) after signing this plea agreement, engages in additional criminal conduct; or (10) attempts to withdraw his plea of guilty. If the United States does not recommend a reduction under § 3E1.1,

then the United States may recommend any sentence within the range for a Total Offense Level 14.

        d.    The defendant understands that his Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the Probation Office. The defendant acknowledges that the United States has not promised or agreed that the defendant will or will not fall within any particular Criminal History Category and that such determinations could affect his Sentencing Guideline range and/or offense level as well as his final sentence.

    9.    The parties agree that the defendant may seek and advocate for a variance pursuant to 18 U.S.C. § 3553, provided that the Sentencing Guidelines applicable to the defendant are calculated as set forth above in Paragraph 8(b). The United States reserves the right to object to any such request. Moreover, the United States agrees that it will not seek or advocate for a variance pursuant to 18 U.S.C. § 3553, provided that the Sentencing Guidelines applicable to the defendant are calculated as set forth above in Paragraph 8(b). In the event that the defendant breaches any term of the plea agreement, the United States may move for enhancements or upward departures or variances based on any grounds the United States deems appropriate.

    10.    The parties agree that U.S.S.G. § 5E1.2 provides that the Court shall impose a fine, unless the Court finds that the defendant is unable to pay a fine. Pursuant to the Fine Table contained in U.S.S.G. § 5E1.2(c)(3), an Offense Level of 12 provides a fine range of between $3,000 and $30,000.

11. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fine or restitution the defendant may be ordered to pay. The defendant understands that the sentence in this case will be determined solely by the Court, with the assistance of the United States Probation Office, and that the Court may impose the maximum sentence permitted by the law. The Court is not obligated to follow the recommendations of either party at the time of sentencing. The defendant will not be permitted to withdraw his guilty plea regardless of the sentence recommended by the Probation Office or the sentence imposed by the Court.

12. The defendant acknowledges that he has a constitutional right to conflict-free counsel. The defendant declares that he has fully discussed this issue with his counsel and, after full and complete disclosure of any and all actual and/or potential conflicts his counsel may have, does hereby waive his right to have the assistance of conflict-free counsel for purposes of entering this plea agreement and thereafter complying with its terms, pleading guilty to the one count criminal Information charging him with Obstruction of Proceedings Before the United States Senate in violation of 18 U.S.C. § 1505, and being sentenced for the instant offense. The defendant specifically acknowledges that the disclosed potential conflicts include: (a) the January 1, 2007 merger of Kirkpatrick & Lockhart Nicholson Graham LLP with Preston Gates & Ellis LLP; and (b) his counsel's prior representation and consultation with potential Government witnesses in this matter. The defendant further states that he has retained and consulted with independent counsel about these issues in affirmatively waiving his right to conflict-free counsel.

13.  The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal his conviction and sentence as provided in 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, hereby expressly waives the right to appeal his conviction and/or any sentence within the maximum provided in the statute of conviction, or the manner in which that sentence was determined and imposed, including on the grounds set forth in 18 U.S.C. § 3742, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

14.  If the defendant fails to comply with any of the terms and conditions set forth in this agreement, the United States may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

   a.   The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other Federal rule, that the defendant's statements pursuant to this agreement or any leads derived therefrom should be suppressed or are inadmissible;

   b.   The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

   c.   The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

15. If a dispute arises as to whether the defendant has knowingly committed any material breach of this agreement, and the United States chooses to exercise its rights under Paragraph 14, at the defendant's request, the matter shall be submitted to the Court for its determination at an appropriate proceeding. At such a proceeding, the defendant's disclosures and documents shall be admissible, and the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

16. The parties agree that if the Court does not accept the defendant's plea of guilty, then this agreement will be null and void.

17. The defendant understands that this agreement is binding only upon the Criminal Division of the United States Department of Justice and the United States Attorney's Offices for the District of Columbia and the Eastern District of Virginia. This agreement does not bind any other prosecutor's office or agency. It also does not bar or compromise any civil or administrative claim pending or that may be made against defendant.

18. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

| FOR THE DEFENDANT: | FOR THE UNITED STATES: |
|---|---|
| *[signature]* | WILLIAM M. WELCH, II<br>Chief<br>Public Integrity Section |
| JAMES STEVEN GRILES<br>Defendant | |
| *[signature]* Barry M. Hartman | By: *[signature]* |
| BARRY M. HARTMAN, ESQ.<br>BRIAN W. STOLARZ. ESQ.<br>Kirkpatrick & Lockhart Preston<br>  Gates Ellis LLP<br>1601 K Street, N.W.<br>Washington, DC 20006<br>T: 202-778-9000<br>F: 202-778-9100 | ARMANDO O. BONILLA<br>Trial Attorney<br>Public Integrity Section |
| *[signature]* Stanley M. Brand | *[signature]* Kartik Kalyan |
| STANLEY M. BRAND<br>Brand Law Group, P.C.<br>923 Fifteenth Street, N.W.<br>Washington, DC 20005<br>T: 202-662-9700<br>F: 202-737-7565 | KARTIK K. RAMAN<br>Trial Attorney<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, NW – 12th Floor<br>Washington, DC 20005<br>T: 202-616-2983 / 202-616-5535<br>F: 202-514-3003 |
| March 20TH, 2007 | March 21, 2007 |