# ◯ Friends of the Earth

**FILED**

**JUN 18 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

June 18, 2007

The Honorable Ellen Segal Huvelle
United States District Court for the District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

Re:   *United States v. Griles*, 1:07-CR-00079 (D.D.C. 2007)

Dear Judge Huvelle:

Friends of the Earth is a national, non-profit environmental advocacy organization that monitors the Department of the Interior, promoting policies that will safeguard the public lands the Department holds in trust for all Americans. We noted with concern that the plea former Deputy Secretary J. Steven Griles entered on March 23 does not require his cooperation in the ongoing corruption probe related to Jack Abramoff or other possible, ongoing criminal investigations. We respectfully request that in sentencing Mr. Griles you impose on him an obligation to cooperate with investigators, and to impose the maximum penalty if he refuses. Doing so would send a needed signal that corruption at the highest levels of the Department and by other public officials will not be tolerated.

The Interior Department manages 500 million acres of public lands and has jurisdiction over nearly two billion acres of offshore waters, holding them in trust for future generations. The Department's activities have a significant impact on our environment, and its leaders have a concomitant responsibility to manage these resources using the highest ethical standards.

There have been and continue to be investigations into the conduct of high-ranking officials at the Department including but not limited to Mr. Griles. Indeed, in recent testimony before a House subcommittee investigating the Department's mismanagement of oil and gas revenues, Inspector General Earl Devaney stated that "Simply stated, short of a crime, anything goes at the highest levels of the Department of the Interior. Ethics failures on the part of senior Department officials – taking the form of appearances of impropriety, favoritism, and bias – have been routinely dismissed with a promise 'not to do it again.'"[1] Nor, reportedly, did Mr. Griles disclose his romantic relationship with the Department official who responded to investigators on his behalf and even oversaw the Department's ethics office while it was investigating him—an omission that made Devaney "furious."[2]

---

[1] *Interior Dept.: A Culture of Managerial Irresponsibility and Lack of Accountability? Hearing Before the Subcomm. on Energy and Resources of the H. Comm. on Gov't Reform*, 109th Cong. 5-6 (2006) (statement of Earl Devaney, Inspector General, Dept. of Interior).
[2] Jason McLure, *Official's Romance Raises Conflict Questions*, LEGAL TIMES, Feb. 5, 2007.

1717 Massachusetts Avenue, NW • Suite 600 • Washington, DC 20036-2008
202.783.7400 • 202.783.0444 fax • www.foe.org

The number of investigations into possible corruption at the Department and the failure of Mr. Griles to be forthcoming about his activities underscores the need to ensure that the full truth come out, both with respect to the Abramoff investigation and any other potential matters. Furthermore, it is clear that a signal must be sent to the Department and other government agencies that its highest-ranking officials are not above the law.

We were therefore dismayed to learn that in reaching a plea agreement with Mr. Griles, prosecutors recommended the minimum sentence and moreover did not require him to cooperate in the ongoing Abramoff investigation or any other possible criminal investigations. The unusual failure to require cooperation stands at odds with plea agreements entered by other defendants in the same wide-ranging corruption investigation. Jack Abramoff himself agreed to cooperate with investigators when entering a guilty plea, as did Michael Scanlon, Adam Kidan, Neil Volz and Tony Rudy. The cooperation to which they agreed was wide-ranging, committing them to aid investigators not only in the Abramoff investigation, but in any other case or investigation as well.[3]

Mr. Griles should be held to the same standard. Failing that, we believe he should be sentenced to the maximum penalty for violations of 18 U.S.C. § 1505: five years imprisonment, a $250,000 fine and a mandatory special assessment of $100.

The American public deserves government officials who demonstrate the highest ethical standards, particularly when treasured natural resources such as national parks, coastal waters and other public lands are at stake. Because Mr. Griles fell short of this mark, we respectfully urge you to impose a sentence commensurate with the full extent of his illegal conduct.

Sincerely,

Brent Blackwelder
President

---

[3] *See, eg.,* Plea Agreement, United States v. Scanlon, 1:05CR00411 (D.D.C. 2005) ("The defendant agrees to fully cooperate in this and any other case or investigation with attorneys for the United States of America, and federal and state law enforcement agencies by providing truthful and complete information, evidence and testimony, if required, concerning any matter.").