Elouise Cobell
Blackfeet Reservation Development Fund, Inc.

Browning, MT 59417

*Let this be filed.*
*ESH, 6/21/07*

June 20, 2007

**FILED**

JUN 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA US MAIL AND E-MAIL**

U.S. District Judge Ellen Segal Huvelle
U.S. Courthouse
Fourth Floor
333 Constitution Avenue, NW
Washington DC  20001

Re:  1:2007cr00079, James Steven Griles

Dear Judge Hovelle:

Many of the letters you have received on behalf of Mr. Griles paint a glowing picture of his work at the Department of Interior and especially on Indian issues.

As the lead plaintiff for a class action lawsuit filed on behalf of 500,000 Native Americans, I wish to call your attention to the Deputy Secretary's involvement in Cobell versus Kempthorne and his statements under oath in our litigation.  At the time he was the Bush administration's point man on reform of the Interior Department's admittedly troubled Indian Trust. He thus had a key role in our litigation.

There is an ominous parallel between questionable comments he made in our litigation and the false statements he has acknowledging making about his relationship with Mr. Jack A. Abramoff.

In our case, U.S. District Court Judge Royce Lamberth found that Mr. Giles' statements about his meetings with a Court Monitor the judge had appointed "exhibits an alarming lack of candor and comes perilously close to perjury by omission." *Cobell v. Norton*, 226 F.Supp.2d 166 (D.D.C. 2002).[1]

What prompted the judge's alarm was a declaration the deputy secretary had filed with the court about a meeting he said he had requested with the monitor on April 19, 2002.

"To read Mr. Griles' declaration, it would appear that this was the first time that Mr. Griles ever requested the Court Monitor to meet with him and his subordinates at the Interior Department," Judge Lamberth stated.   In fact, the judge noted the deputy secretary had on

---

[1] *Vacated on other grounds*, 334 F.3d 1128 (D.C.Cir. 2003), *rehearing en banc denied* (Oct 10, 2003).

November 1, 2001, requested permission to "begin a dialogue" with the monitor and did so "with the express approval of this court."

Those meetings continued for a period of more than six months and involved "at least 20 occasions for approximately 30 hours," the judge wrote. While supposedly confidential, these meetings "ranged far and wide on the trust reform efforts Mr. Griles was making as the "'man in charge' of trust reform," the judge noted.

As the individual who filed our lawsuit over the government's admitted mishandling of Individual Indian Money Account, I want you to know that I think the man in charge did little to speed resolution of our lawsuit and the installation of much-needed reforms to the trust program. At the outset of the Bush administration I was extremely hopeful that it would take a different approach than that of the Clinton administration and move quickly to fix a problem that has been known to the government almost since 1887 when the trust was created.

Mr. Giles clearly had an opportunity to resolve one of the biggest problems that is facing Indian Country. We were eager to work with him to end the lawsuit and reform the trust. Instead his legacy is one of prolonging the litigation and doing little to address the underlying trust problems.

Moreover, I believe that what Mr. Griles has admitted in the case currently before you is nothing more than a pattern of misstatements that can be traced to our case. The comments of Judge Lamberth's should have been a clarion call to Mr. Griles to be candid and straightforward with his words in sworn testimony and public statements.

The fact that he is before you shows that he ignored that clear warning in 2002.

Hopefully, your actions and words will now send a message that he will not forget. It is time for government officials to be held accountable.

Sincerely,

*[signature]*

Elouise P. Cobell
Browning, Montana