HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-07-79</u> |
| vs. | : | SSN: |
| GRILES, James Steven | : | Disclosure Date: <u>May 11, 2007</u> |

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     _____
**Prosecuting Attorney**                                         **Date**

### For the Defendant
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment. Please see letter dated 5/25/07

_____     [signature]   5-25-07
**Defendant         Date**                        **Defense Counsel          Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>May 25, 2007</u>, to U.S. Probation Officer <u>Renee Moses-Gregory</u>, telephone number <u>(202) 565-1348</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street NW
Washington, DC 20006-1600

T 202.778.9000   www.klgates.com

May 25, 2007

Brian W. Stolarz
(202) 778-9446
(202) 778-9100
brian.stolarz@klgates.com

**BY E-MAIL AND FEDERAL EXPRESS**

Renee Moses-Gregory
United States Probation Officer
U.S. Probation & Pretrial Services
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:    United States v. James Steven Griles, Criminal No. 07-79 (ESH)

Dear Officer Moses-Gregory:

The following are Mr. Griles' objections to your Draft Pre-Sentence Report ("Draft PSR") received on May 11, 2007. The objections are primarily factual in nature and are respectfully set forth below.

I.   **Draft PSR Objections**

    A.    **Identifying Data**

In the identifying data section, Mr. Griles is reported to have an "alias" of J. Steven Griles. As noted during the probation interview, Mr. Griles full name is James Steven Griles and goes by Steve. This is not an "alias" and it is respectfully requested that this section of the identifying data be removed.

    B.    **Adjustment for Acceptance of Responsibility**

Paragraph 20 of the Draft PSR states that the statement regarding Mr. Griles' acceptance of responsibility was made "prior to his plea" in this matter. The statement was not made prior to Mr. Griles' plea in this matter, but rather in connection with the initial interview with your office to demonstrate his sincere acceptance of responsibility.

    C.    **The Defendant's Criminal History**

Paragraph 32 of the Draft PSR states that Mr. Griles had a conviction for trespass in Henrico County, Virginia on August 12, 1975. The conviction related to a custody dispute with

DC-919465 v1

**K&L|GATES**

Renee Moses-Gregory
May 25, 2007
Page 2

Mr. Griles' former wife. Mr. Griles fully disclosed this conviction during his federal appointment process with the Department of the Interior. Upon information and belief, Mr. Griles' former also wife wrote a letter about the incident confirming that it arose from a domestic dispute.

**D.     Offender Characteristics**

The majority of Mr. Griles' corrections to the Draft PSR relate to factual inaccuracies regarding his personal and family data and his financial information. The following are the objections and changes respectfully requested by Mr. Griles:

1. Paragraph 34 – "the defendant's wife, Sue Ellen Griles (nee Wooldridge)" should be replaced with "the defendant's wife, Sue Ellen Wooldridge."

2. Paragraph 38 – "After the defendant's divorce, he maintained primary custody" should be replaced with "Mr. Griles received primary custody in 1984."

3. Paragraph 41 – Ms. Wooldridge has resided in the Washington, D.C. area since January 2001 rather than "since March 2006."

4. Paragraph 47 – Mr. Griles broke his collarbone both in 1966 and 2005, and is fully healed from both injuries.

5. Paragraph 48 – "Dr. Pocinkin" should be "Dr. Pocinki."

6. Paragraph 57 – Mr. Griles' stated "intention" for future employment should be removed as he remains in an unemployed status and this status may not change depending on the result of the sentencing hearing.

7. Paragraph 58 – The company Mr. Griles worked for, Lundquist, Nethercutt & Griles, not Mr. Griles, agreed to make a contribution to Mr. Griles' retirement account in the amount of $150,000. Those funds have subsequently been deposited in Mr. Griles' retirement account.

8. Paragraph 60 – The statement "reportedly, when he accepted the nomination, he indicated to Interior Secretary Gale Norton his intention to remain in the position for approximately two years," is without attribution and is inaccurate. Thus, Mr. Griles requests that this statement be removed.

9. Paragraph 61 – The statement that is based on "internet research" should be removed because it is not possible to determine the veracity of the source for the information.

**K&L|GATES**

Renee Moses-Gregory
May 25, 2007
Page 3

Mr. Griles indeed received certain installment payments from NES while at the Department of the Interior, which was in accordance with a buy-out agreement approved by the federal Office of Government Ethics in conjunction with the Senate confirmation process.

   10.   Paragraph 62 – The name of the consulting company is "J. Steven Griles and Associates LLC," rather than "J. Stevens Griles and Associates." Additionally, in the final sentence, Mr. Griles stated during the interview with your office that he was well known in the "energy" industry rather than the "lobbying" industry.

   E.   **Financial Condition**

   Mr. Griles respectfully submits the following as corrections to the financial condition section in the Draft PSR.

   1.   Necessary Living Expenses – the entry for satellite radio should be removed as the service was cancelled in approximately January or February of 2007.

   2.   Paragraph 68 – the three owners of the residence in Kiawah, South Carolina paid a total of $5,233.40 towards the sale of the home rather than just Mr. Griles and his wife.

   3.   Paragraph 70 – the current balance referenced in this paragraph is $4,000 rather than $1,000.

   4.   Paragraph 76 – the defendant's wife is the lessee rather than the owner of the automobile referenced in this paragraph.

   5.   Paragraph 78 (1) – Mr. Griles served on the Advisory Board of Compressus.

   6.   Paragraph 78 (2) – Mr. Griles served on the Advisory Board of Healthcare Waste Solutions and resigned from this position as a result of this case.

   7.   Paragraph 82 – Mr. Griles' wife was not the recipient of a $7,500 payment as noted in this paragraph. Mr. Griles, not his wife, received $10,000 from a client he assisted.

   F.   **Sentencing Options**

   The Draft PSR states that the defendant is not eligible for probation because the applicable guideline range is in Zone C of the Sentencing Table. Draft PSR at Para. 95. The defendant respectfully submits that after the decision in *United States v. Booker*, the Sentencing Guidelines are advisory and are merely one of seven factors for the Court to consider in fashioning a sentence pursuant to 18 U.S.C. §3553. *See United States v. Booker*, 543 U.S. 220

K&L|GATES

Renee Moses-Gregory
May 25, 2007
Page 4

(2005). Thus, the Court is permitted to impose any sentence that complies with 18 U.S.C. §3553, which in this case includes a term of probation.

As will be set forth in detail in the Sentencing Memorandum filed with the Court, because of Mr. Griles' extensive public service, family and community ties, his charitable works, and the truly aberrant nature of his conduct, Mr. Griles will be seeking a sentence of probation combined with substantial community service. Thus, the Draft PSR should be amended to note that although the sentencing guidelines advise against a sentence of probation, they are merely one of seven sentencing factors for the Court to consider pursuant to 18 U.S.C. §3553, and probation is a lawful sentence in this matter.

The defendant respectfully submits the aforementioned factual objections be included in the Final Pre-Sentence Report. Please do not hesitate to contact me with any questions.

Sincerely,

Brian W. Stolarz

cc: J. Steven Griles
    Armando Bonilla, Esq.