IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 07-CR-079 (ESH) |
| JAMES STEVEN GRILES, : | |
| Defendant. : | |

**CONSENT MOTION TO AMEND JUDGMENT**

James Steven Griles, through undersigned counsel, hereby respectfully requests that this Honorable Court amend the Judgment filed in this matter to accurately reflect the time frame of the offense conduct.

**I.      Procedural History**

Mr. Griles was the former Deputy Secretary of the Interior, a position he held from July 17, 2001 to January 31, 2005.  On March 22, 2007, a one-count Information was filed in this Court against Mr. Griles.  The Information charged Mr. Griles with one count of Obstruction of United States Senate Proceedings pursuant to 18 U.S.C. §1505.  Information, ¶11.  The Information stated that Mr. Griles obstructed proceedings before the United States Senate "[f]rom on our about October 20, 2005, to on or about November 2, 2005," and specifically referenced an October 20, 2005 interview with Senate investigators working for the United States Senate Committee on Indian Affairs, and a November 2, 2005 public hearing before the members of the United States Senate Committee on Indian Affairs. *Id*.

On March 23, Mr. Griles pled guilty to the Information.   In the corresponding Plea Agreement and factual basis for the plea, Mr. Griles admitted that he did not testify fully and

truthfully about certain issues during the October 20, 2005 Senate investigative interview and during the public hearings on November 2, 2005. Plea Agreement, Exhibit A, ¶¶ 8, 10. Mr. Griles also admitted that his testimony may have or had the effect of, or was capable of, influencing the Senate Committee's assessment of Mr. Griles' credibility in connection with the Committee's final report issued on September 5, 2006. *Id*. at ¶12. The Pre-Sentence Report adopted the factual findings in the Plea Agreement. *See* Pre-Sentence Report at ¶5.

Mr. Griles was sentenced on June 26, 2007. With respect to the nature and circumstances of the offense component of 18 U.S.C. §3553(a), the Court stated that it reviewed the transcript and videotape of Mr. Griles' Senate testimony, referenced the specific dates of the testimony, and stated that "I find that there were intentional misstatements made, information withheld and that the plea to obstruction of Congress is based on a factual basis." Sentencing Transcript at 63. The Court did not refer to any conduct that occurred during Mr. Griles' federal service in its discussion of the nature and circumstances of the offense.

The Court sentenced Mr. Griles to 10 months incarceration, a $30,000 fine, 100 hours of community service, three years of supervised release, and a special assessment of $100.[1] The Court issued a judgment in this matter pursuant to Federal Rule of Criminal Procedure 32(k)(1). In the offense section, the Judgment states that the "offense ended" dates are July 17, 2001 through January 31, 2005. *See* Judgment, p.1. These dates represent the dates of Mr. Griles' federal service as the Deputy Secretary of the Interior rather than the dates of his investigative interview and testimony before the Senate.

By letter dated July 13, 2007, the undersigned requested that this Court amend the Judgment to reflect the dates of Mr. Griles' offense conduct rather than the entirety of his federal

---

[1] Mr. Griles has served his incarceration and paid his fine.

service. *See* Exhibit 1. In that letter, counsel stated that he conferred with Armando Bonilla of the Department of Justice, Public Integrity Division, and that the parties agreed that the dates reflected in the Judgment should be stricken and the Judgment amended to reflect the dates of Mr. Griles' investigative interview before the Senate Committee and the date of the Senate Committee's final report, specifically from October 20, 2005 to September 6, 2006.

Counsel recently conferred with Mr. Bonilla, and he reaffirmed his consent to amending the Judgment in this matter.

## II.     The Judgment Should be Corrected to Reflect the Information and Plea Agreement

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the Court "may at any time correct a clerical error in a judgment, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 has been utilized to correct the offense categories and dates in a Judgment. *See Hagins v. United States*, 267 F.3d 1202, 1207 (11th Cir. 2001) (holding that an amendment pursuant to Rule 36 was appropriate when the evidence at trial presented a later offense ending date than was reflected in the Judgment); *United States v. Huerta*, 202 Fed.Appx. 732 (5th Cir. 2006) (unpublished) (stating that the written judgment reflected that the defendant's offense was conspiracy to distribute 5 kilograms or more of cocaine and 100 kilograms or more of marijuana but the record showed that the defendant pled guilty only to conspiracy to distribute 100 kilograms or more of marijuana thus requiring an amendment); *United States v. Ledesma-Sanchez*, 137 Fed.Appx. 681 (5th Cir. 2005) (unpublished) (stating that the Judgment should be corrected to reflect the accurate offense of conviction).

This case requires an amendment to the Judgment. The Judgment reflects offense dates that pre-date the offense of conviction, and encompass the entirety of Mr. Griles' federal service.

Indeed, Mr. Griles' concluded his federal service on January 31, 2005, and did not testify before the Senate investigators until October 2005 and before the Senate Committee until November 2005. The Information charged one count of Obstruction of a United States Senate Proceeding pursuant to 18 U.S.C. §1505, specifically referring to Mr. Griles' investigative interview and formal testimony. Although the factual statement that accompanied the plea agreement referenced Mr. Griles' federal service, the offense of conviction related strictly and solely to testimony that occurred after his service.

Furthermore, the Court stated that with respect to the nature and circumstances of the offense, the Court reviewed the transcript and videotape of the testimony, and stated that a factual basis existed for the plea to Obstruction of a United States Senate Proceeding. The Court did not refer to any conduct that occurred during Mr. Griles' federal service in its discussion of the nature and circumstances of the offense.

Finally, the government has consented to the amendment based on the charges in the Information and the terms of the Plea Agreement.

### III.    Conclusion

The parties respectfully request that the Judgment in this matter be amended to reflect the offense ended dates of October 20, 2005 to September 5, 2006.

- 5 -

                                                Respectfully Submitted,

                                                K&L GATES LLP

Dated: August 20, 2008        By:

                                                /s/ Brian W. Stolarz
                                                _____
                                                Barry M. Hartman, Esq.
                                                Brian W. Stolarz, Esq.

                                                Counsel for James Steven Griles
                                                1601 K Street, NW
                                                Washington, D.C. 20006

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing was filed electronically through the Court's ECF system on August 20, 2008, with notice to: Armando Bonilla, Trial Attorney, Public Integrity Section, Criminal Division, United States Department of Justice, 1400 New York Avenue, NW, Washington, DC 20005.   A courtesy copy will also be sent by electronic mail.

                                                /s/ Brian W. Stolarz
                                                _____
                                                Brian W. Stolarz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 07-CR-079 (ESH) |
| | : | |
| JAMES STEVEN GRILES, | : | |
| Defendant. | : | |

## ORDER

Upon consideration of the foregoing Consent Motion to Amend Judgment, it is this \_\_\_\_ day of \_\_\_\_\_, 2008, hereby ORDERED, that the Judgment in this matter be amended to reflect an offense ended date of October 20, 2005 to September 5, 2006.


Dated: _____, 2008                                         _____
                                                                              Judge Ellen Segal Huvelle

- 6 -

# Exhibit 1

**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street NW
Washington, DC 20006-1600

T 202.778.9000    www.klgates.com

July 13, 2007

**BY FEDERAL EXPRESS**

The Honorable Ellen Segal Huvelle
United States District Court for the
District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

Brian W. Stolarz
(202) 778-9446
(202) 778-9100
brian.stolarz@klgates.com

Re:  United States v. Griles, CR-07-79

Dear Judge Huvelle:

Reference is made to the Judgment dated June 29, 2007 in the above captioned matter, a copy of which is enclosed.

In the offense section, the Judgment states that the "offense ended" dates are July 17, 2001 through January 31, 2005. These dates represent the dates of Mr. Griles' federal service as the Deputy Secretary of the Interior. The offense of conviction, 18 U.S.C. §1505 (obstruction of a congressional investigation) related to conduct occurring after Mr. Griles left public service. Specifically, the plea agreement and statement of facts in this matter state that Mr. Griles testified before the Senate Committee on Indian Affairs ("Senate Committee") on October 20, 2005 and November 2, 2005, and that the Senate Committee issued its final report on September 5, 2006.

This issue has been discussed with Armando Bonilla of the Department of Justice, Public Integrity Section. The parties agree that the current dates in the Judgment should be stricken and the Judgment amended to reflect the dates beginning when Mr. Griles' was interviewed by staff of the Senate Committee (October 20, 2005) and ending on the date of the Senate Committee's final report (September 5, 2006).

Therefore, the parties respectfully request that the Judgment in this matter be amended to reflect the "offense ended" dates of October 20, 2005 to September 6, 2006. Please do not hesitate to contact me with any questions.

Respectfully Submitted,

Brian W. Stolarz

Enclosure

cc: Armando Bonilla

AO 245B  (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia



FILED
JUN 29 2007

UNITED STATES OF AMERICA
v.
JAMES STEVEN GRILES

JUDGMENT IN A CRIMINAL CASE

Case Number: CR 07-79
USM Number:

Barry Hartman and Brian W. Stolarz
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of the Information filed on 3/22/07
☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.
☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1505 | Obstruction of Proceedings Before the United States Senates | 7/17/01 through 1/31/05 | 1 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 26, 2007
Date of Imposition of Judgment

_Ellen S Huvelle_
Signature of Judge

Ellen Segal Huvelle                           U.S. District Court Judge
Name of Judge                                  Title of Judge

6/29/07
Date

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: JAMES STEVEN GRILES
CASE NUMBER: CR 07-79

Judgment — Page 2 of 10

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Ten (10) months incarceration

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant to be Incarcerated at the Petersburg FPC, Petersburg, Virginia

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____
    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____
    ☐ as notified by the United States Marshal.
    ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: JAMES STEVEN GRILES
CASE NUMBER: CR 07-79

Judgment—Page __3__ of __10__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Three (3) years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:07-cr-00079-ESH   Document 29-2   Filed 08/20/2008   Page 6 of 8
Case 1:07-cr-00079-ESH   Document 25   Filed 06/29/2007   Page 4 of 6

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: JAMES STEVEN GRILES
CASE NUMBER: CR 07-79

Judgment—Page __4__ of __10__

## SPECIAL CONDITIONS OF SUPERVISION

Fine Obligation - Defendant shall pay the balance of the fine at a rate of no less than $1,000.00 each month and provide verification of payments to the Probation Office.

Community Service - You shall perform 100 hours of community service, as approved and directed by the Probation Office.

Mandatory Drug Test - The Court waives the requirement for mandatory drug testing by the Probation Office.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page 5 of 10 |
|---|---|
| DEFENDANT: JAMES STEVEN GRILES | |
| CASE NUMBER: CR 07-79 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 30,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.
  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: JAMES STEVEN GRILES | Judgment — Page 6 of 10 |
| CASE NUMBER: CR 07-79 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

The Court waives the payment of interest and penalties that may accrue on the fine amount. While incarcerated, you shall make payments through the U.S. Bureau of Prisons' Inmate Financial Responsibility Program. Any balance remaining upon your release from custody shall be paid at a rate of no less than $1,000.00 a month. Special assessment fee of $100.00 shall be paid within two weeks.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.